UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**INTERNATIONAL SPEEDWAY CORPORATION,**

        **Plaintiff,**

**v.**                                               **Case No: 6:19-cv-1544-Orl-41LRH**

**SUNTRUST BANK,**

        **Defendant.**

                                          /

## ORDER

THIS CAUSE is before the Court on Defendant SunTrust Bank's ("SunTrust") Motion to Consolidate Related Cases for Pretrial Purposes ("Motion," Doc. 32) and Plaintiff International Speedway Corporation's ("ISC") Response in Opposition (Doc. 37). For the reasons stated herein, the Motion will be denied.

### I. BACKGROUND

To understand the Court's position in this Order, a brief factual and procedural background of the two cases being considered for consolidation is necessary.

#### A. *International Speedway Corporation v. SunTrust Bank*

Case number 6:19-cv-1544-Orl-41LRH (the "1544 Case") was originally filed in state court on August 19, 2019, and removed here the following day. (Notice of Removal, Doc. 1, at 1). ISC is a corporation, and SunTrust is a Federal Deposit Insurance Corporation (FDIC)-insured commercial bank. (Compl., Doc. 1-1, at 1–2). ISC alleges that it has had a banking relationship with SunTrust "for over twenty years," including two accounts with SunTrust totaling nearly $57 million, as of June 4, 2019. (*Id.* at 2–3). ISC believes that these accounts are governed by certain

Rules and Regulations for Deposit Accounts. (*Id.* at 2; Motto Aff., Doc. 1-3, at 1–2; "Account Rules," Doc. 1-3, at 8–31).

In April 2019, SunTrust Equipment Finance & Leasing Corporation ("STEFL"), who is allegedly an affiliate of SunTrust, filed a complaint against ISC in the United States District Court for the Northern District of Georgia ("Georgia Lawsuit").[1] (Doc. 1-1 at 2; *see* Georgia Lawsuit Compl., Doc. 1-3, at 33). Subsequent to initiation of the Georgia Lawsuit, ISC asserts that it successfully withdrew—without issue—$50 million of its funds out of its accounts held with SunTrust. (Doc. 1-1 at 3–4). ISC states that its reason for withdrawing the funds was based on "the deterioration" of its relationship with SunTrust—resulting from, *inter alia*, the Northern District of Georgia lawsuit—and a variety of other factors. (*Id.* at 3). However, when ISC requested for SunTrust to "transfer the remaining balance" of its funds to an outside bank, SunTrust allegedly rejected the transfer. (*Id.* at 5). The purported reason for rejecting the withdrawal—per the Georgia Lawsuit—was that ISC allegedly owed SunTrust's affiliate nearly $47,000,000. (*Id.*; Account Hold Ltr., Doc. 1-3, at 85). Based on SunTrust's interpretation of the Account Rules, SunTrust asserts that it was permitted to hold the funds under these circumstances. (Doc. 1-3 at 85).

Herein lies the essential dispute between the parties in the 1544 Case—whether SunTrust may hold these funds or must release them, in accordance with the Account Rules and Florida law. (Doc. 1-1 at 8). ISC requests declaratory and injunctive relief in the 1544 Case., (*id.*), and filed a

---

[1] *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotations omitted)).

Motion for Preliminary Injunction (Doc. 4). The Court previously set the matter of preliminary injunctive relief for hearing on October 31, 2019. (Aug. 20, 2019 Order, Doc. 8, at 2).[2]

B. *SunTrust Equipment Finance & Leasing Corporation v. International Speedway Corporation*

Case number 6:19-cv-1624-Orl-EJK (the "1624 Case") was filed on August 22, 2019, just two days after the 1544 Case was removed here. (1624 Case Compl., Doc. 33-1, at 2). SunTrust explains that the 1624 Case is essentially the same case as the Georgia Lawsuit, which it voluntarily dismissed without prejudice the same day as filing the 1624 Case. (Doc. 32 at 4).[3] The 1624 Case arises out of a dispute between STEFL and ISC. (Doc. 33-1 at 2).

STEFL alleges that in 2017 it entered into a commercial arrangement with DC Solar Distribution, Inc. ("DC Solar")—a non-party to both cases at issue here. (*Id.*). DC Solar allegedly manufactures and distributes mobile solar generators. (*Id.*). The basis of the purported agreement between STEFL and DC Solar was that "STEFL agreed to purchase from a DC Solar affiliate 500 [mobile solar generators] . . . . STEFL then agreed to lease the [generators] back to DC Solar, which in turn subleased the[m] to ISC." (*Id.* at 3). DC Solar allegedly stopped making payments to STEFL under the agreement in December 2018. (*Id.*). While the cause of the failure to pay is unknown at this time, DC Solar and several of its affiliates are alleged to have been operating a

---

[2] Insofar as ISC's Motion for Preliminary Injunction (Doc. 4) requested a temporary restraining order, that request was denied by the Court. (Doc. 8 at 2).

[3] The Court takes judicial notice of the fact that the Georgia Lawsuit was voluntarily dismissed without prejudice on August 22, 2019. *See Jones*, 29 F.3d at 1553; Case No. 1:19-cv-1493, Docket Entry 21.

Ponzi Scheme[4] and have filed for bankruptcy.[5] (*Id.* at 4, 19). As a result, STEFL purportedly "stepped into the shoes of DC Solar" and demanded payment directly from ISC under the apparent sublease. (*Id.* at 3). STEFL then initiated the 1624 Case. (*Id.*). STEFL believes that ISC owes STEFL approximately $46 million pursuant to the agreement. (*Id.* at 5). As asserted in the 1544 Case, ISC believes that it does not owe any money to SunTrust or any of its affiliates and that SunTrust is therefore improperly holding ISC's money. (Doc. 1-1 at 5–6).

### C. *Motion to Consolidate*

The 1544 Case was originally assigned to the Undersigned. (New Case Assignment, Doc. 2). The 1624 Case was originally assigned to United States District Court Judge Roy B. Dalton. (1624 Case, New Case Assignment, Doc. 2). The 1624 Case, upon motion, was transferred to the Undersigned. (1624 Case, Sept. 9, 2019 Order, Doc. 17). SunTrust now moves to consolidate the 1544 Case and the 1624 Case for pretrial purposes, arguing that "[b]oth cases arise out of ISC's refusal to pay amounts it owes SunTrust's affiliate [STEFL]." (Doc. 32 at 1). ISC opposes consolidation, arguing that the two cases do not involve a common question of law or fact. (Doc. 37 at 1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows for consolidation of actions before the Court if they "involve a common question of law or fact." *See also* M.D. Fla. Local Rule 1.04(c) ("If cases . . . are related because of either a common question of law or fact . . . , a party may move to

---

[4] DC Solar and several of its affiliates are purportedly "the subject of federal investigations by the United States Department of Justice and the United States Securities and Exchange Commission . . . [making] the status of [their] books and records . . . unclear because the Federal Bureau of Investigation seized [them] in a raid in December 2018." (Doc. 37 at 4).

[5] The Court takes judicial notice of *In re: Double Jump, Inc.*, Case No. 3:19-BK-50102-BTB (Bankr. D. Nev.). *See Jones*, 29 F.3d at 1553.

consolidate the cases for any or all purposes in accord with [Federal] Rule [of Civil Procedure] 42."). However, "[a] district court's decision whether to consolidate is 'purely discretionary.'" *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

### III. ANALYSIS

When exercising its discretion to consolidate, this Court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix*, 776 F.2d at 1495).

At the outset, SunTrust argues that "there can be no legitimate dispute" that the two cases share a common issue of law or fact. (Doc. 32 at 5). In support of this proposition, SunTrust points to ISC's Complaint, wherein ISC "expressly references the Georgia [Lawsuit]," (*id.*), which was the predecessor to the 1624 Case. But, ISC does in fact dispute whether the two cases share a common issue of law or fact. ISC believes that the 1544 case turns on the legal question of when a debt—any debt—arises and therefore at what point Florida law and the Account Rules allow for SunTrust to hold ISC's money. ISC cited the Georgia Lawsuit in its Complaint because that is the basis that SunTrust—not ISC—asserted as its reason for holding ISC's money. Simply referencing the Georgia Lawsuit in the Complaint does not automatically make the two current cases related enough for consolidation.

Moving on to the consolidation factors, the first factor—whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications—weighs

against consolidation. SunTrust argues that consolidation will prevent inconsistent adjudications, and "there is no conceivable prejudice to ISC." (*Id.* at 7). ISC asserts that it would be severely prejudiced if SunTrust is allowed to draw out the 1544 Case, which ISC asserts can be resolved in a short time, by consolidating it with the much more complex 1624 Case. At the current point in both proceedings, the Court does not believe that there is any risk of inconsistent adjudications. Hypothetically, even if ISC prevails in the 1544 case—and its money is released—and STEFL prevails in the 1624 Case, STEFL would still have a legal right to recover whatever it is owed from whomever it is owed. Further, unnecessarily prolonging the 1544 Case could result a specific prejudice to ISC—potentially being deprived of their money for additional time while waiting for resolution of the issues in the 1624 Case. And as noted above, SunTrust would not be so prejudiced; it would not lose any legal right it might have to later recover these funds. Thus, because there is no risk of inconsistent adjudications and there is a specific risk of prejudice to ISC, this factor weighs against consolidation.

The second factor—the burden posed by multiple lawsuits—does not indicate that consolidation is necessary. SunTrust argues that the burden of not consolidating "will be substantial," forcing the parties to litigate the same factual and legal issues twice. (*Id.* at 9). But ISC argues that the legal issues in the two cases are distinct, and the Court agrees. In the 1544 Case, the issue is whether SunTrust may hold ISC's funds under the current circumstances pursuant to the Account Rules and Florida law. The issue in the 1624 Case is whether, based on the complicated underlying contractual issues, ISC is responsible for payment of the debt in question. Thus, at least as presented at this stage in the two cases, the parties will be litigating different issues in each of the cases, and consolidating will not abate any burden on the Court. To the extent that some discovery may overlap in the cases, the parties may themselves decide how

to minimize the effort or expense associated with that duplication. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40-GJK, 2015 U.S. Dist. LEXIS 183968, at *8 (M.D. Fla. Mar. 3, 2015) (denying motion to consolidate but noting that "[t]he Court certainly encourages the parties to avoid duplicative discovery wherever possible").

The third factor—the length of time required to conclude multiple suits as against a single one—similarly weighs against consolidation. SunTrust summarily argues that litigating the cases separately would "significantly increase the length of time required to resolve the dispute between the parties," (Doc. 32 at 9), but it provides no specific basis for reaching that conclusion. Whereas ISC argues, rather convincingly, that the 1544 Case would be unfairly prolonged by consolidation because the 1624 Case involves complicated discovery that is not necessary for resolution of the 1544 Case. STEFL's complaint in the 1624 Case reinforces ISC position. STEFL's complaint references a potential "Ponzi Scheme," "Secret Addendums," and bankruptcy proceedings. (Doc. 33-1 at 4). None of these things appear to be relevant to the 1544 Case. Therefore, it seems that the 1544 Case could be brought to a resolution in a more judicious manner without consolidation.

The last factor is not relevant to the instant Motion, as SunTrust's request is directed solely at pretrial consolidation. Weighing all the factors, in exercising its "considerable discretion," *Eghnayem*, 873 F.3d at 1313, the Court sees no benefit in consolidating these two cases at the present time. Thus, SunTrust's Motion is due to be denied.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. SunTrust's Motion to Consolidate Related Cases for Pretrial Purposes (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 22, 2019.



Copies furnished to:

Counsel of Record